IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR370 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS A. SMITH, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S PRO SE MOTION TO |
| Defendant. | ) | WITHDRAW PLEA OF GUILTY |
| | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Assistant United States Attorneys Robert F. Corts and Vasile C. Katsaros, and respectfully requests that this Honorable Court deny defendant's motion to withdraw his guilty plea for the reasons set forth in the attached Memorandum which is incorporated herein by reference.

                Respectfully submitted,

                JUSTIN E. HERDMAN
                United States Attorney

By:    s/Robert F. Corts
        Robert F. Corts
        Assistant U.S. Attorney
        Reg. No. 0041439
        United States Courthouse
        801 West Superior Ave., Ste 400
        Cleveland, Ohio 44113
        216-622-3957
        216-522-7499 (facsimile)
        Robert.Corts@usdoj.gov

**MEMORANDUM**

**I. Procedural History**

On July 10, 2018, an indictment was filed in the United States District Court for the Northern District of Ohio, charging Smith with distribution of controlled substances, namely heroin and fentanyl in violation of Title 21, U.S.C. Sections 841(a)(1) and (b)(1)(c). On October 10, 2018, a notice was filed pursuant to Title 21, Sections 841(b)(1)(C) and 851, United States Code, giving notice that Smith had been convicted of a previous felony drug offense, that is: Trafficking in Drugs, a felony in the 3rd degree, case number 12CR086291, in the Lorain Court of Common Pleas, Cuyahoga County, Ohio, on or about July 16, 2013. On October 11, 2018, Smith entered a plea of guilty to the indictment pursuant to a plea agreement. On January 10, 2019, Smith filed this Motion to Withdraw his guilty plea.

## II. Law and Argument

### a. Smith's plea is not affected in anyway by the passage of the First Step Act

It appears that Smith is basing his motion to withdraw his plea, at least in part if not wholly, in some perceived belief that the First Step Act has some effect on the potential sentence he is facing. That simply is not the case. While the Government did file a notice of enhancement pursuant to Title 21, Sections 841(b)(1)(C) and 851, this has no effect on a defendant who is charged with or pleads guilty to a "(C) offense" charged through Title 21, Section 841(b)(1)(C). The First Step Act does not in any way change or alter the 851 analysis in a "(C) offense" charged through Title 21, Section 841(b)(1)(C). The First Step Act alters the enhancements produced by 851 filings in the so-called "A offense" pursuant to Title 21, Section 841(b)(1)(A) and or the so-called "B offense" pursuant to Title 21, Section 841(b)(1)(B). It makes no alteration to Title 21, Section 841(b)(1)(C) enhancements.

The First Step Act is of no matter to Smith's potential sentence and the enactment of such does not alter his sentencing scheme at all. Therefore, a motion to withdraw a guilty plea is the wrong vehicle for Smith to litigate or raise such a perceived issue. The motion should be denied by this Court for this reason and those discussed below. If defense counsel believes or shows that the Act has some impact, the Government would agree that Smith should and could receive the full benefit of the First Step Act. It is the Government's position that it has no impact.

**b. Smith's ability challenge to a potential Career Offender designation remains intact and cannot be the basis for a motion to withdraw a guilty plea.**

Smith seems to perceive that he has somehow lost his ability to argue to this Court that he should not be designated as a Career Offender pursuant to the plea agreement and therefore he should be permitted to withdraw his guilty plea. This is not the case. In fact, at paragraph 17 of Smith's plea agreement he specifically reserved the right to argue that he was not a career offender. The plea stated as follows: "The defendant reserves the right to argue at sentencing that the career offender classification does not apply." Smith may argue to this Court at the time of sentencing that he is not a Career Offender and is not estopped from making any arguments to support his position.

Smith claims that he should be permitted to withdraw his plea so he may challenge a Career Offender designation. Smith is wrong, in fact, the only way to challenge such a designation, without leave from the Court, is to do so after it becomes a ripe issue subsequent to either a plea or a finding of guilt. Therefore, a motion to withdraw a guilty plea is the wrong vehicle for Smith to litigate or raise such a perceived issue. The motion should be denied by this Court for this reason and those discussed below.

**c. Smith has not shown, nor even alleged, any evidence or claims pertaining to the 7 factors that the Court is to examine to determine whether a plea should be withdrawn.**

Rule 11(d), Federal Rules of Criminal Procedure, provides that a district court may permit a guilty plea to be withdrawn before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Rule 11(d)(2)(B). However, "[a] defendant does not have an absolute right to withdraw a guilty plea and has the burden of proving that he is entitled to withdraw it." Unites States v. Young, 310 Fed. Appx. 784, 791 (6th Cir. 2009). This burden is met only where a defendant can show that "fair and just reason exists for withdrawal of his guilty plea." United States v. Mader, 251 F.3d 1099, 1105 (6th Cir. 2001). Accord, United States v. Bazzi, 94 F.3d 1025, 1027 (6th Cir. 1996) (burden is upon defendant to demonstrate that proper grounds exist for withdrawal of plea). The factors the district court may consider in evaluating whether the defendant has met his burden include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

Bazzi, 94 F.3d at 1027. Accord, Mader, 251 F.3d at 1105; United States v. Pluta, 144 F.3d 968, 973 (6th Cir. 1998). The foregoing factors represent "a general, non-exclusive list"; with no one factor being "controlling." Bazzi, 94 F.3d at 1027. Although potential prejudice to the government is a factor which may be considered, the "government is not required to establish prejudice . . . unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." United States v. Spencer, 836 F.2d 236, 240 (6th Cir. 1987). Accord, United States v. Triplett, 828 F.2d 1195, 1198 (6th Cir. 1987).

5

As explained in the 1983 Advisory Committee Notes to Rule 32,[1] quoted with approval by the U.S. Supreme Court in United States v. Hyde, 520 U.S. 670, 676-77 (1997):

> "Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice. 'Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.  In fact, however, a guilty plea is no such trifle, but a "grave and solemn act", which is "accepted only with care and discernment.""  Advisory Committee's Notes on Fed. Rule Crim. Proc. 32, (quoting United States v. Barker, 514 F.2d 208, 211 (C.A. D. C. 1975) in turn quoting Brady v. United States, 397 U.S. 742, 748 (1970)).

Since the factors present in Smith's case do not weigh in favor of withdrawal, the government respectfully request that this Honorable Court deny his motion.

### 1.     Length of time between plea and withdrawal.

In the present case, Smith filed his motion to withdraw in a short period of time from the entry of the plea. However, this factor alone should not be looked at in a vacuum.  Smith had consistently demonstrated from early on in this matter that his intention was to plead guilty. Based on the record, Smith entered into a knowing and voluntary plea, which should not be cast aside because he simply changed his mind.

### 2.     Asserting his innocence.

At no time, then or now, did Smith assert or maintain his innocence regarding his conduct in this case.  Smith does not do that at this point either through his motion to withdraw.  Smith's innocence is also belied by the fact that he voluntarily stood before this Court and entered a plea

---

[1] Rule 11(d)(2)(B)'s "fair and just reason" standard was previously set forth in Rule 32(d), Federal Rules of Criminal Procedure.

6

of guilty. Furthermore, on multiple occasions during the plea hearing, Smith admitted his conduct and stated he was guilty of the offense in question.

During the plea hearing, the Court instructed the Government to recite a factual basis into the record and for the defendant's benefit. The Court then asked Smith if he agreed with the factual basis. Smith responded that he agreed with the recited facts. At the conclusion of the recitation of all the factual basis paragraphs, the Court asked a Smith if it was his intention to plead guilty and Smith did so, thus admitting his guilt. At no time during this hearing was Smith confused or ambiguous in his admission of guilt.

Even at this point, Smith does not seek to disavow the assurances he provided and the statements he made at the time his guilty plea was entered. Those representations in open court "carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977), and the "presumption of verity" is not defeated by the "subsequent presentation of conclusory allegations" to the contrary. Id. Accord, United States v. Maher, 108 F.3d 1513, 1529-30 (2nd Cir. 1997) (district court may summarily deny motion to withdraw where movant's allegations merely contradict earlier statements made under oath at plea hearing).

### 3. The circumstances underlying the entry of the guilty plea.

There is nothing significant about the circumstances in which Smith came forward and entered his plea of guilty that would be of cause to allow him to withdraw his plea.

The underlying circumstances of this plea are insignificant to any showing of fair and just reason for requiring the withdrawal of the guilty plea.

7

**4. Defendant's nature and background and his prior experience with the criminal justice system.**

Two of the most important criteria that this Court should consider are Smith's background, and his prior experience with the criminal justice system. These factors both weigh against allowing Smith to withdraw his guilty plea. Smith is a forty-year-old male. His criminal history includes greater than 16 convictions wherein he previously entered pleas of guilty. These convictions include at least eight felony convictions in which he likewise, entered pleas of guilty. The felony convictions were not of a minor or insignificant nature. He previously pleaded guilty to multiple drug trafficking offenses and offenses of violence. Any way you slice it, Smith is a Criminal History Category VI and a veteran of the criminal justice system. These factors weigh heavily against allowing him to withdraw his guilty plea. Indeed, his numerous convictions establishes that he "was not a naive stranger to the criminal proceedings in which he was involved." Pluta, 144 F.3d at 974. Most notably is the fact that he had pleaded guilty in almost all of his prior convictions and therefore, the Criminal Rule 11 colloquy and the plea process was not new or novel to him.

**5. The prejudice to the government.**

The government is not required to make a showing of prejudice (Spencer, 836 F.2d at 240), prejudice to the government is a factor the court may consider in weighing whether to allow defendant to withdraw his plea. Bazzi, 94 F.3d at 1027. There is a natural prejudice that inures when a defendant's plea that was constitutionally sound is permitted to be withdrawn simply due to a change of heart, as is the case here.

**d. Conclusion**

The defendant cannot show a "fair and just reason for requesting the withdrawal" in this case. The defendant, at every turn, acknowledged that he understood every aspect of the plea agreement, including his constitutional rights, the potential sentencing consequences, the advisory sentencing guidelines and the factual basis for the plea of guilty. Smith was not some young, inexperienced neophyte to the criminal justice system, but rather a veteran career criminal who was well-versed in the entering of guilty pleas. Smith clearly stated that he understood all aspects and that were no threats or promises. It is clear that Smith has had nothing more than a mere change of heart as it relates to the potential sentence and a change of heart is not sufficient for a withdrawal of a validly entered and accepted plea of guilty. To allow a withdrawal in this case would render a guilty plea nothing more than a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. As stated above, a guilty plea is no such trifle, but a "grave and solemn act", which is "accepted only with care and discernment." Advisory Committee's Notes on Fed. Rule Crim. Proc. 32, (quoting United States v. Barker, 514 F.2d 208, 211 (C.A. D. C. 1975) in turn quoting Brady v. United States, 397 U.S. 742, 748 (1970)). This Court demonstrated that care and discernment throughout the proceeding and insured that Smith understood, appreciated, and agreed with his actions of knowingly entering a plea of guilty.

Based upon an analysis of all the factors to be considered the government respectfully requests that this Honorable Court deny defendant's motion to withdraw his guilty plea.

                Respectfully submitted,

                Justin E. Herdman
                United States Attorney

By:   /s/ Robert F. Corts
       Robert F. Corts
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3957
       (216) 522-2403 (facsimile)
       Robert.Corts@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 17th day of January 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                         /s/ Robert F. Corts
                                         Robert F. Corts
                                         Assistant U.S. Attorney